IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LA ZAZA TRATTORIA, INC., | ) | |
| Plaintiff, | ) | 12 C 135 |
| v. | ) | |
| MASSIMILLIANO LO BUE, individually and d/b/a ZA ZA's TAVOLA ITALIANA, DARYL VOSKA, individually and d/b/a ZA ZA's TAVOLA ITALIANA and ZA ZA ENTERPRISES, INC. | ) | Judge Virginia M. Kendall |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff La ZaZa Trattoria, Inc., filed suit against Massimilliano Lo Bue, individually and doing business as Za Za's Tavola Italiana, and Daryl Voska, individually and doing business as Za Za's Tavola Italiana, and Za Za Enterprises, Inc. (collectively "the Defendants"). Plaintiff alleges the Defendants committed false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a); common law unfair competition; and deceptive trade practices in violation of the Uniform Deceptive Trade Practices Act of the State of Illinois, 815 ILCS 510. The Defendants moved to dismiss all three counts pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative for summary judgment. The Defendants also seek sanctions against Plaintiff under Rule 11. For the following reasons, the Court grants in part and denies in part the Defendants' Motion to Dismiss and denies without prejudice the Defendants' Motion for Summary Judgment. The Defendants' Motion for Sanctions is denied without prejudice.

## I. BACKGROUND

For the purposes of this Motion to Dismiss, the following facts taken from Plaintiff's Complaint are assumed to be true. *See Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007) (citing *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006)). Plaintiff La ZaZa Trattoria is an Illinois corporation using the service mark "ZaZa" in connection with restaurant services. (Doc. 1, Complaint at ¶¶ 1, 5). Plaintiff has used and developed this service mark since 1995. *Id.* at ¶ 6. Additionally, Plaintiff has invested significant money to establish a positive connection between the service mark and restaurant in the minds of consumers. *Id.* at ¶ 6.

The Defendants' restaurant, Za Za's Tavola Italiana, opened years after the Plaintiff's restaurant and competes directly with the Plaintiff's restaurant, La ZaZa Trattoria. *Id.* The Plaintiff alleges that the Defendants' use of the term "Za Za" in connection with their restaurant capitalizes on the good name and reputation of the Plaintiff and unfairly misleads the public into the mistaken belief that there is an association between the Plaintiff and the Defendants. *Id.* at ¶ 12.

The Plaintiff's Complaint alleges false designation of origin, a violation of the Lanham Act, 15 U.S.C. § 1125(a), for misleading prospective customers/purchasers as to the origin, sponsorship or approval of the Defendants' services by the Plaintiff and causing customers/purchasers to rely thereon, (Count I). *Id.* at ¶ 15. The Plaintiff also alleges common law unfair competition as to the use of the similar service mark enabling the Defendants to obtain the benefit of and trade on the goodwill of the Plaintiff, damaging the goodwill of the Plaintiff, and likely causing confusion, mistake or deception resulting in unjust enrichment for the Defendants, (Count II). *Id.* at ¶ 20. Plaintiff also alleges deceptive trade practices, in violation of the Uniform Deceptive Trade Practices Act of the State of Illinois, 815 ILCS 510, for the Defendants' use and threatened future use of the

service mark, "Za Za," in connection with restaurants unaffiliated with the Plaintiff, (Count III). *Id.* at ¶ 24. The Plaintiff seeks a permanent injunction barring the Defendants from using the service mark "Za Za" as well as attorneys' fees, profits derived from use of the service mark, damages suffered as a result of the Defendants' actions and punitive damages.

## II. STANDARD

For purposes of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all facts alleged in a complaint and construe all reasonable inferences in favor of a plaintiff. *See Killingsworth*, 507 F.3d at 618. To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint must be "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 554, 570 (2007)). When analyzing whether a complaint has met this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. 662 at 679. A claim has facial plausibility when the factual content in the pleadings allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Id.* at 677-8.

## III. DISCUSSION

The Defendants move to dismiss the Plaintiff's Complaint for failure to state a claim and also argue that the equitable doctrine of laches bars the suit. Additionally, the Defendants stated that Plaintiff's corporation La ZaZa Trattoria was "not in good standing" with the State of Illinois at the time of filing this lawsuit, and in the Defendants' Reply argued for the first time that since the suit was commenced, Plaintiff was administratively dissolved April 13, 2012, and therefore lacks standing to pursue it.

**A. Notice Pleading**

In order to succeed on its Lanham Act claim, Plaintiff must establish that: (1) Plaintiff owns a protectible trademark, and (2) use of this mark by the Defendants is likely to cause confusion among consumers. *See Segal v. Geisha NYC LLC*, 517 F.3d 501, 506 (7th Cir.2008) (citing 15 U.S.C. § 1125). The Plaintiff pleads that it has been using the service mark "ZaZa" in connection with the operation of restaurant services continuously since 1995. This assertion is sufficient at the motion to dismiss stage to satisfy the protectible trademark prong of the claim. *See, e.g., Morningware, Inc. v. Hearthware Home Products, Inc.*, 673 F. Supp. 2d 630, 634 (N.D. Ill. 2009) (seven years is sufficient to establish a protectible interest at the motion to dismiss stage); *Vulcan Golf, LLC v. Google Inc.*, 552 F. Supp. 2d 752, 762-6 (N.D. Ill.2008) (plaintiff's allegations that plaintiff owns the "Vulcan Gulf" trademark and the "Vulcan Golf" tradename and that vulcanogolf.com violates plaintiff's trademark sufficient to establish a protectible interest to survive motion to dismiss). To satisfy the use in commerce and consumer confusion prongs, the offending mark must be "likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a)(1)(A). The distinct similarities between the Plaintiff's La ZaZa Trattoria and the Defendants' Za Za Tavola Italiana and the alleged confusion, mistake and injury, as stated in the Complaint, is sufficiently pled to state a plausible claim under the Lanham Act.

Plaintiff's second and third claims are common law unfair competition and unfair trade practices pursuant to the Uniform Deceptive Trade Practices Act of the State of Illinois ("UDTPA"), 815 ILCS 510. "Where a plaintiff's factual allegations under the Illinois Uniform Deceptive Trade

4

Practices Act also form the basis for plaintiff's claim under the Lanham Act, the legal inquiry is the same under both statutes. Claims for unfair competition and deceptive business practices brought under Illinois statutes are to be resolved according to the principles set forth under the Lanham Act." *See Morningware, Inc.*, 673 F. Supp. 2d at 639 (citing *SB Designs v. Reebok Int'l, Ltd.*, 338 F. Supp. 2d 904, 914 (N.D. Ill.2004)). Additionally, UDTPA codifies common law unfair competition and does not need to be analyzed separately. *See Morningware, Inc.*, 673 F. Supp. 2d at 639. Hence, given the above finding of sufficient pleading a claim of false designation, the Plaintiff has sufficiently pled both claims of common law unfair competition deceptive trade practices.

### B. Individual Defendants

The Defendants move to dismiss the claims against the individual defendants, arguing that Lo Bue has never had an equitable and legal ownership interest in Za Za's Tavola Italiana nor been a shareholder, officer, director or had any ownership interest in Za Za Enterprises. The Plaintiff agrees to dismiss Lo Bue and Voska, as individuals, and proceed against the corporate entities. On agreement between the parties, the Court dismisses Lo Bue and Voska as individuals.

### C. Corporate Standing

The Defendants state that the Plaintiff corporation failed to pay its requisite fees with the Illinois Secretary of State in November 2011 and did not and has not resolved this delinquency. According to Illinois state law, a corporation is administratively dissolved ninety days after a notice is sent to the registered agent of the corporation alerting the corporation of its delinquency for failure to pay fees or file an annual report. *See* 805 ILCS 105/112.40. The Defendants attach a corporation file detail report from the Secretary of State's website, a public record, to demonstrate that the Plaintiff was involuntarily dissolved on April 13, 2012. The Defendants argue that the Plaintiff

lacked standing to file this lawsuit as it was "not in good standing" with the Secretary of State at the commencement of the suit in January 2012. Furthermore, the Defendants argue that the involuntary dissolution of the corporation since starting the suit indicates a general indifference for the upkeep of the service mark and means that the Plaintiff no longer has the capacity to maintain the suit.

"The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized." Fed. R. Civ. P. 17(b). According to Illinois law, "[n]o corporation required to pay a franchise tax, license fee, penalty or interest under this Act shall maintain any civil action until all such franchise taxes, license fees, penalties and interest have been paid in full." 805 ILCS 5/.1585; *see also Henderson-Smith & Associates*, 323 Ill. App. 3d. 15, 20 (Ill. App. Ct. 2001). However, Illinois courts have maintained that this provision does not serve as a complete bar to suit; instead, "if a corporation, which is delinquent in the payment of franchise taxes, has started a suit, it may, by subsequent compliance with the statute, continue prosecution of that suit." *Nat'l Black Expo v. Clear Channel Broad., Inc.*, No. 03-C-2751, 2007 WL 495307, *3 (N.D. Ill. 2007) (quoting *Merchants Environmental Industries, Inc. v. Montgomery Ward & Co., Inc.*, 252 Ill.App.3d. 906, 911 (Ill. App. Ct. 1993)). Assuming the Plaintiff pays its arrears with the Secretary of State, the standing issue with regard to this initial filing of the law suit will be resolved. *See Id.*

The Defendants also allege that the Plaintiff corporation was administratively dissolved in April 2012 and consequently the lawsuit should be barred. In Illinois, in the event of a corporate dissolution, including an administrative dissolution, the dissolved corporation can continue its existence for five years under Illinois Business Corporations Act, which provides for the survival of corporate remedy after expiration of its period of durations. *See* 805 ILCS 5/12.80. Furthermore, a dissolved corporation "may take all actions necessary to wind up its affairs." 805 ILCS

105/112.40(c). Thus, under the Illinois statute, a dissolved corporation can maintain a lawsuit such as the present action. Additionally, the Defendant's contention that the Plaintiff's indolence with regards to paying the requisite fees with the Secretary of State indicates an indifference to the service mark is not sufficient to bar the present lawsuit.

### D. Defense of Laches

The Defendants also argue that the Plaintiff delayed in bringing this action and the equitable doctrine of laches bars the suit. The doctrine rests on the "maxim that those who sleep on their rights, lose them." *Hot Wax v. Turtle Wax*, 191 F.3d 813, 820 (7th Cir. 1999). Laches is the extended delay in bringing a lawsuit that results in potential undue prejudice against a defendant. For the doctrine to apply the plaintiff must (1) know of the infringing use of the service mark by the defendant, (2) exercise an inexcusable delay in bringing the lawsuit and (3) the Defendant must be unduly prejudiced as a result. *See Chattanoga Mfg., Inc.*, 301 F.3d at 792-3; *see also Superior Paintless Dent Removal, Inc.*, 454 F. Supp. 2d 769, 771 (N.D. Ill. 2006). Laches is an affirmative defense and as such, a plaintiff is not obligated to anticipate or include information related to it in the complaint. *See See Flentye v. Kathrein*, 485 F. Supp. 2d 903, 916 (N.D. Ill. 2007). A plaintiff can, however, "plead themselves out of court by 'setting forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely.'" *Id.* (citing *Superior Paintless*, 454 F. Supp. 2d at 771). Under the Lanham Act, 15 U.S.C. 1125(a), there is no a statute of limitation on trademark actions. Instead federal courts have relied on "analogous state statutes of limitations to determine whether a presumption of laches should apply." *Turtle Wax*, 191 F.3d at 821. Consequently, courts have applied "the most analogous Illinois limitation period[, which is] the three-year statute of limitations found in the Illinois Consumer Fraud and Deceptive

Business Practices Act." *Chattanoga*, 301 F.3d at 793-4; *see S&A Futures, LLC v. Sysco Chicago, Inc.*, No. 11 C 7629, 2012 WL 851556, *3 (N.D. Ill. 2012).

The Defendants contend that the Plaintiff was present at the March 2005 grand opening of La Za Za Tavola Italiana and allege that the Plaintiff slept on their rights for seven years before filing the lawsuit. The Defendants aver that an agent of the Plaintiff corporation attended the Defendant's restaurant's grand opening, which is not confirmed by any assertions in the Plaintiff's papers, but also not rebutted with a reasonable excuse for the delay. On a motion to dismiss, the Court's review is limited to the complaint and thus factual assertions outside the complaint, for example in a Defendant's response, are excluded. *See Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1430 (7th Cir. 1996). The Plaintiff has not "pleaded itself out of court" on laches as the Complaint does not mention when the Plaintiff became aware of the offending use of the mark. *See Flentye*, 485 F. Supp. 2d at 916. It is therefore "inappropriate to resolve this issue on a motion to dismiss." *See Id.* at 917 (citing *Superior Paintless*, 454 F. Supp. 2d at 771).

The Court notes that the Defendants have moved in the alternative for summary judgment, prior to discovery. The defense of laches generally requires a fact-intensive inquiry, *Rovell v. American Nat'l Bank*, 194 F.3d 867, 871 (7th Cir.1999), and therefore it is usually not amenable to being resolved on a summary judgment, "let alone a motion to dismiss." *See Flentye*, 485 F. Supp. 2d at 907. Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c). "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. Pro. 12(d). The Defendants relied on

materials outside of the complaint and submitted a statement of material facts that complies with Local Rule 56.1 and is supported by exhibits. The Plaintiff had a reasonable opportunity to present pertinent material in its Response, but in its briefing appears oblivious to the Defendants' motion for summary judgment and cites only to the standard of review under Rule 12(b)(6) for a motion to dismiss and refers only to its allegations in the Complaint. *Compare Fellers v. Potter*, 2009 WL 4679505, *1 (N.D. Ill. Dec. 7, 2009) (district court ruled according to standard for summary judgment, finding that plaintiff clearly recognized that the district court might treat defendants' motion as such because plaintiff submitted response to defendants' 56.1 facts and his own 56.1 facts). Generally, a plaintiff's ignorance of a motion for summary judgment, whether real or feigned, does not discharge his duty to address it with pertinent material. *See Id.* at *1 ("Here, both Plaintiff and Defendant have had reasonable opportunity to present such material, given that Defendant entitled his motion as a 'Motion to Dismiss or Alternatively for Summary Judgment.'"). Of critical importance to the Defendant's defense of laches is whether, as Defendant alleges, an agent from the corporate Plaintiff attended the Defendant's restaurant opening in 2005 and the Plaintiff was thereby apprised of the alleged infringing use for at least seven years without commencing a suit. Because the Plaintiff remains silent on the issue in its Response, again whether either knowingly or inadvertently, and when accepting the Defendants' allegation as true and drawing any inferences in favor of the Plaintiff, the Court draws the inference that the agent of the corporation did not fully apprise the corporate Plaintiff. The Court is unable to conclude at this time that the Defendants are entitled to a judgment as a matter of law. These facts are critical and the parties must conduct some discovery to make a proper showing so that the Court can rule.

A defense of laches can be resolved on summary judgment when the facts necessary for determining whether the defendant suffered material prejudice are not genuinely disputed. *See Smith*, 338 F.3d at 733; *see also Fleischfresser v. Directors of Sch. Dist. 200*, 15 F.3d 680, 685 (7th Cir. 1994) (affirming district court's grant of summary judgment despite its failure to explicitly notify the parties that it was treating the defendants' motion to dismiss as one for summary judgment "where nothing else could have been raised to alter the entry of summary judgment"); *see also Chattanoga Manufacturing, Inc. v. Nike, Inc.*, 301 F.3d 789, 792-93 (7th Cir. 2002) (affirming district court's grant of defendant's motion for summary judgment in a trademark infringement suit on the basis of laches). Yet the Defendant has not addressed whether the Plaintiff's alleged delay in bringing suit has a prejudicial effect on the Defendant and is inexcusable, as is required. *See Chattanoga Mfg., Inc.*, 301 F.3d at 792-3. Although prejudice to a defendant from a plaintiff's delay might appear easily presumed, the Seventh Circuit requires some showing of material prejudice to substantiate that equitable relief is necessary to bar the plaintiff's claims.[1] *See Smith v. Caterpillar, Inc.*, 338 F.3d 730, 734 (7th Cir. 2003). Because the Court will address the Plaintiff's delay "on a sliding scale" in the Defendants' future pleadings, the Defendants may need to show less prejudice to balance against the seven years of delay currently presented in the pleadings. *Id.* ("Here, given Smith's inexcusable eight and one-half year delay, we recognize that Caterpillar need not present a mountain of evidence establishing prejudice in order to succeed on its laches defense.").

---

[1] In affirming the district court's grant of summary judgment in favor of defendant Caterpillar due to its equitable defense of laches, the following reasons were sufficient for the district court to conclude material prejudice by an ex-employee's delay in filing suit against Caterpillar: "(1) the testimony of several pertinent witnesses would be difficult, if not impossible, for Caterpillar to procure; (2) the witnesses' memories have faded over the several years and they would be unable to recollect specific details of Smith's employment with Caterpillar; (3) the inadvertent loss, or even intentional destruction in the course of business, of relevant personnel documents relating to Smith's employment would seriously impair Caterpillar's ability to present a defense to Smith's claims; and (4) the exposure of Caterpillar to liability for back pay has accrued steadily during Smith's delay in filing her lawsuit." *Smith v. Caterpillar, Inc.*, 338 F.3d 730, 733 (7th Cir. 2003).

Nonetheless, examining the present pleadings in the Plaintiff's most favorable light still counsels against summary judgment at this stage of the case due to the dispute over when the Plaintiff knew or should have known about the infringing use of the trademark, whether Plaintiff's delay was excusable and whether the Defendants suffered prejudice from this delay. This is not to reward the Plaintiff's ignorance of the Defendants' Motion for Summary Judgment and proper Locale Rule 56.1 factual pleading, but to highlight the few discrete areas, as detailed above, that the Defendants must show to the Court to exercise their equitable rights and bar suit.

## IV. CONCLUSION

For the foregoing reasons, and assuming the Plaintiff has satisfied its debts with the Secretary of State, the Defendants' motion to dismiss is granted in part with regards to the dismissal of Lo Bue and Voska and denied in part as to Counts I-III. Because the Plaintiff has alleged claims whose preclusion by laches rests on facts that have not been established, the Court denies the Defendants' Motion for Sanctions under Rule 11 and the Defendants' Motion for Summary Judgment at this time.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: August 10, 2012